# EXHIBIT "3"

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

WILLIAM SNODGRASS,

        *Plaintiff*,

        vs.

TSAROUHIS LAW GROUP, LLC,

        *Defendant*,

CIVIL DIVISION

**ELECTRONICALLY FILED**

Case No. GD-20-006148

**COMPLAINT IN CIVIL ACTION**

Filed on Behalf of Plaintiff:
William Snodgrass

Counsel of Record for this Party:
**THE LAW FIRM OF FENTERS WARD**

Joshua P. Ward
Pa. I.D. No. 320347

The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206

Telephone:    (412) 545-3015
Fax No.:    (412) 540-3399
E-mail:    JWard@FentersWard.com

## **NOTICE TO DEFEND**

**YOU HAVE BEEN SUED IN COURT.** If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. If you do not have a lawyer, go to or telephone the office set forth below. This office can provide you with information about hiring a lawyer. IF YOU CANNOT AFFORD TO HIRE A LAWYER, this office may be able to provide you with information about agencies that may offer legal service to eligible persons at a reduced fee or no fee:

LAWYER REFERRAL SERVICE
11TH FLOOR KOPPERS BUILDING,
436 SEVENTH AVENUE
PITTSBURGH, PENNSYLVANIA 15219
TELEPHONE: (412) 261-5555

**HEARING NOTICE YOU HAVE BEEN SUED IN COURT.** The above Notice to Defend explains what you must do to dispute the claims made against you. If you file the written response referred to in the Notice to Defend, a hearing before a board of arbitrators will take place in the Compulsory Arbitration Center. Report to the Arbitration Assembly Room, Courtroom Two, Seventh Floor City-County Building, 414 Grant Street, Pittsburgh, Pennsylvania 15219, on _____, 2020, at 9:00 A.M.

IF YOU FAIL TO FILE THE RESPONSE DESCRIBED IN THE NOTICE TO DEFEND, A JUDGMENT FOR THE AMOUNT CLAIMED IN THE COMPLAINT MAY BE ENTERED AGAINST YOU BEFORE THE HEARING. DUTY TO APPEAR AT ARBITRATION HEARING IF ONE OR MORE OF THE PARTIES IS NOT PRESENT AT THE HEARING, THE MATTER MAY BE HEARD AT THE SAME TIME AND DATE BEFORE A JUDGE OF THE COURT WITHOUT THE ABSENT PARTY OR PARTIES. THERE IS NO RIGHT TO A TRIAL DE NOVO ON APPEAL FROM A DECISION ENTERED BY A JUDGE.

NOTICE: You must respond to this complaint within twenty (20) days or a judgment for the amount claimed may be entered against you before the hearing. If one or more of the parties is not present at the hearing, the matter may be heard immediately before a judge without the absent party or parties. There is no right to a trial de novo on appeal from a decision entered by a judge.

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

WILLIAM SNODGRASS,                                    CIVIL DIVISION

        *Plaintiff*,                                    **ELECTRONICALLY FILED**

        vs.                                    Case No. GD-20-006148

TSAROUHIS LAW GROUP, LLC,                   U.S. District  Court Case No: 2:20-cv-1275

        *Defendant*,


## COMPLAINT

AND NOW, comes Plaintiff, William Snodgrass, by and through the undersigned counsel, The Law Firm of Fenters Ward and, specifically, Joshua P. Ward, Esquire, who files the within Complaint in Civil Action against Defendant, Tsarouhis Law Group, LLC, of which the following is a statement:

## PARTIES

1.     Plaintiff, William Snodgrass (hereinafter "William Snodgrass"), is an adult individual who currently resides at 1316 McCay Avenue Upper Chichester, Pennsylvania 19061, United States.

2.     Defendant, Tsarouhis Law Group, LLC (hereinafter "Tsarouhis Law Group"), is a limited liability company with its principal place of business located at 21 South 9th Street, Pennsylvania 18102.

## JURISDICTION AND VENUE

1.      Jurisdiction is proper as Plaintiff brings this lawsuit under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter, the "FDCPA") the Pennsylvania Fair Credit Extension Uniformity Act (hereinafter, "PFCEUA"), 73 P.S. § 2270, *et seq*., and the Unfair Trade Practices and Consumer Protection Law (hereinafter, "UTPCPL") 73 P.S. § 201-1, *et seq*.

2.      Venue is proper pursuant to Pa.R.C.P. 2179(a)(2) because Defendant regularly conducts business in Allegheny County, Pennsylvania, and because Defendant is subject to general jurisdiction of Allegheny County, Pennsylvania.

## PROCEDURAL HISTORY AND FACTUAL ALLEGATIONS

3.      On March 4, 2019, Calvary SPV I, LLC (hereinafter "Calvary"), through Tsahouris Law Group, filed a Civil Complaint against William Snodgrass in the Court of Common Pleas of Delaware County at Docket Number: CV-2019-001753. A true and correct copy of the Docket is attached hereto, made a part hereof, and marked as Exhibit "A".

4.      Upon information and belief, during the course of its lawsuit, a customer negotiations representative from Tsarouhis Law Group, Elizabeth Doll, contacted William Snodgrass' daughter, Jean Brown, by phone in an attempt to settle the debt.

5.      Upon information and belief, Elizabeth Doll stated that Tsarouhis Law Group would settle the alleged obligation at issue in CV-2019-001753 for approximately 21 monthly payments of $50.00 and subsequently emailed Jean Brown a settlement agreement containing the aforementioned terms.

3

6. Following William Snodgrass' execution and initial payment for $100 of the settlement agreement, Tsarouhis Law Group reneged and refused to be bound by the settlement agreement.

7. Tsarouhis Law Group's actions of falsely representing to settle the lawsuit, emailing a settlement agreement, receiving the signed agreement and initial payment, and then refusing to honor the settlement agreement was a false, deceptive and misleading attempt to collect on a debt in violation of 15 U.S.C. § 1692e of the FDCPA.

8. Tsarouhis Law Group's actions of falsely representing to settle the lawsuit, emailing a settlement agreement, receiving the signed agreement and initial payment, and then refusing to honor to the settlement agreement constituted a false representation and deceptive means to collect upon a debt and is a violation of 15 U.S.C. § 1692e(10) of the FDCPA.

9. As a direct and proximate result of Tsarouhis Law Group's violations of the FDCPA William Snodgrass suffered annoyance, anxiety, embarrassment, emotional distress, and severe inconvenience.

10. Furthermore, Tsarouhis Law Group's actions of falsely representing to settle the lawsuit by emailing a settlement agreement, receiving the signed agreement and initial payment, and then refusing to honor the settlement agreement was an unfair and unconscionable means to collect upon a debt and is a violation of Sections 2270.4(b)(6), 2270.4(b)(5), and 2270.4(b)(5)(x) of the PCFEUA.

11. Tsarouhis Law Group's actions constitute a violation under the PFCEUA and thereby Tsarouhis Law Group is liable under section 201-9.2 of the UTPCPL.

12. William Snodgrass suffered an ascertainable loss in the form of the $100.00 initial payment under the original settlement agreement.

4

## COUNT I
### VIOLATIONS OF THE FDCPA, 15 U.S.C.A. § 1692, *et seq*.

13.     Plaintiff incorporates the allegations contained in the paragraphs, above, as if fully set forth at length herein.

14.     There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. 15 U.S.C.A. 1692(a).

15.     The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C.A. § 1692(e).

16.     Furthermore, the FDCPA prohibits debt collectors from utilizing "false, deceptive, or misleading representation or means in connection with the collection of any debt" 15 U.S.C.A. § 1692e.

17.     William Snodgrass is a "consumer" as defined by § 1692a(3) of the FDCPA.

18.     Tsarouhis Law Group is a "debt collector" as defined by § 1692a(6) of the FDCPA.

19.     The Third Circuit has held that the FDCPA is to be enforced by private attorney generals. *Weiss v. Regal Collections*, 385 F.3d 337, 345 (3d. Cir. 2004).

20.     Section 1692e of the FDCPA provides:

> A debt collector may not use any false, deceptive, or misleading
> representation or means in connection with the collection of any
> debt. Without limiting the general application of the foregoing, the
> following conduct is a violation of this section:
> (5) The threat to take any action that cannot legally be taken or that
> is not intended to be taken;

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C.A. § 1692e of the FDCPA.

21.     On March 4, 2019, Cavalry, through Tsahouris Law Group, filed its a Civil Complaint against William Snodgrass. See Exhibit "A".

22.      Upon information and belief, during the course of this lawsuit, Elizabeth Doll, a customer negotiations representative from Tsarouhis Law Group, contacted William Snodgrass' daughter, Jean Brown, in an attempt to settle the alleged debt.

23.     Upon information and belief, through the negotiation process, Elizabeth Doll emailed Jean Brown a settlement agreement.

24.     William Snodgrass agreed to the settlement agreement's terms, signed returned the agreement and made an initial payment of $100 towards the settlement.

25.     Upon information and belief, after receiving the signed representation agreement and initial payment, Tsahouris Law Group refused to honor the settlement agreement and abdicated any and all obligations under said agreement.

26.     Tsarouhis Law Group therefore employed false, deceptive, and misleading representations or means upon falsely representing to settle the lawsuit, emailing a settlement agreement, receiving the signed agreement and initial payment, and then refusing to honor the agreement in violation of 15 U.S.C.A. § 1692e of the FDCPA.

27.     Tsarouhis Law Group therefore utilized false, deceptive, and misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C.A. § 1692e(10) of the FDCPA.

28.     Tsarouhis Law Group's actions as described hereinabove further constitute any action that cannot legally be taken in violation of 15 U.S.C. § 1692e(5) of the FDPCA.

29.     Section 1692d of the FDCPA provides, in relevant part: "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

30.     Here, the only natural consequence of Tsarouhis Law Group's acts of willfully representing to settle the lawsuit, emailing a settlement agreement, receiving the settlement agreement and initial payment, and then refusing to honor the agreement, was to harass, oppress, or abuse William Snodgrass.

31.     As such, Tsarouhis Law Group's conduct, as set forth above, violated 15 U.S.C.A § 1692d of the FDCPA.

32.     Section 1692k(a) of the FDCPA provides, in relevant part:

> …any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of – (1) any actual damages sustained by such person as the result of such failure; (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; and (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court."

15 U.S.C.A. § 1692k(a).

33.     As a direct and proximate result of Tsarouhis Law Group's violations of the FDCPA, as set forth above, William Snodgrass has suffered annoyance, anxiety, embarrassment, emotional distress, and severe inconvenience.

34.     WHEREFORE, Plaintiff, William Snodgrass, respectfully requests that this Honorable Court enter judgment in their favor of Plaintiff, William Snodgrass and against

Defendant, Tsarouhis Law Group, LLC., and enter an award of monetary damages as described herein, not in excess of arbitration limits, including an award for actual damages, statutory damages pursuant to 15 U.S.C.A. §1692k(a), costs and attorney's fees pursuant to 15 U.S.C.A. § 1692k(a), and such other and further relief as this Honorable Court deems just and proper

## COUNT II
### VIOLATIONS OF THE PFCEUA, 73 P.S. § 2270, *et seq.*
### VIOLATIONS OF THE UTPCPL, 73 P.S. § 201-1, *et seq.*

35.     Plaintiffs incorporate the allegations contained in the paragraphs, above, as if fully set forth in length herein

36.     William Snodgrass is a "consumer" as defined by 73 P.S. § 2270.3 of the PFCEUA.

37.     Tsarouhis Law Group is a "debt collector" as defined by 73 P.S. § 2270.3 of the PFCEUA.

38.     73 P.S. § 2270.4(b)(5) of the PFCEUA provides:

> (5) A creditor may not use any false, deceptive or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this paragraph:
> (x) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer

73 P.S. § 2270.4(b)(5) of the PFCEUA.

39.     On March 4, 2019, Calvary, through Tsarouhis Law Group, filed a Civil Complaint against William Snodgrass in the Court of Common Pleas of Delaware County at Docket Number: CV-2019-001753. See Exhibit "A".

40.     Upon information and belief, during the course of this lawsuit, Elizabeth Doll, a customer negotiations representative from Tsarouhis Law Group, contacted William Snodgrass' daughter, Jean Brown, in an attempt to settle the alleged debt.

8

41.     Upon information and belief, Tsarouhis Law Group, through the negotiation process, Elizabeth Doll emailed Jean Brown a settlement agreement.

42.     William Snodgrass agreed to the settlement agreement's terms, signed said agreement, returned a signed copy, and made an initial payment of $100 pursuant to said agreement.

43.     After receiving the signed agreement and initial payment, Tsarouhis Law Group then refused to be bound by the terms of the contract and reneged on any and all obligations agreed thereto.

44.     Upon engaging in the conduct described hereinabove, Tsarouhis Law Group utilized a deceptive means to collect any debt in violation of 73 P.S. § 2240.4(b)(5)(x) of the PFCEUA.

45.     Furthermore, Tsarouhis Law Group's conduct as described hereinabove constituted unfair and unconscionable conduct, the natural consequences of which are to harass, oppress, or abuse any person in connection with the collection of an alleged debt in violation of 73 P.S. §§ 2240.4(b)(4) and 2240.4(b)(6) of the PFCEUA.

46.     Tsarouhis Law Group contemporaneously engaged in false and deceptive behavior in the abovementioned conduct in violation of Section 201-2 of the UTPCPL.

47.     73 P.S. § 201-2(4)(xxi) of the UTPCPL prohibits "engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding." *Id*

48.     By falsely representing to settle the lawsuit, emailing a settlement agreement, receiving the signed agreement and initial payment, and then refusing to honor the agreement, Tsarouhis Law Group's actions constituted fraudulent or deceptive conduct becoming of confusion or of misunderstanding.

49.     Therefore, Tsarouhis Law Group violated 73 P.S. § 201-2(4)(xxi) of the UTPCPL.

50.     73 P.S. § 201-9.2 of the UTPCPL provides, in relevant part:

> Any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by any person of a method, act or practice declared unlawful by section 3 1 of this act, may bring a private action to recover actual damages or one hundred dollars ($100), whichever is greater. The court may, in its discretion, award up to three times the actual damages sustained, but not less than one hundred dollars ($100), and may provide such additional relief as it deems necessary or proper. The court may award to the plaintiff, in addition to other relief provided in this section, costs and reasonable attorney fees.

73 P.S. § 201-9.2 of the UTPCPL

51.     As a direct and proximate result of Tsarouhis Law Group's violations of the PFCEUA and the UTPCPL, William Snodgrass suffered actual damages in the form of $100, annoyance, anxiety, embarrassment, emotional distress, and severe inconvenience.

52.     William Snodgrass was forced to justifiably rely upon the false and deceptive practices of Tsarouhis Law Group and suffered an ascertainable loss of $100.

WHEREFORE, Plaintiff, William Snodgrass, respectfully requests that this Honorable Court enter judgment in their favor and against Defendant, Tsarouhis Law Group, LLC, and enter an award of monetary damages as described herein, not in excess of arbitration limits, including an award for actual damages, statutory treble damages pursuant to 73 Pa. C.S.A. § 201-9.2, costs and attorney's fees pursuant to 73 Pa. C.S.A. § 201-9.2, and such other and further relief as this Honorable Court deems just and proper.

10

**JURY TRIAL DEMANDED UPON APPEAL OR REMOVAL.**

Respectfully submitted,

**THE LAW FIRM OF FENTERS WARD**

Date: July 28, 2020                              By: _____

Joshua P. Ward (Pa. I.D. No. 320347)
Kyle H. Steenland (Pa. I.D. No. 327786)

The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206

Counsel for Plaintiff

# EXHIBIT A



Case View CV-2019-001753 | C-Track Public Access

# C-Track Public Access

PUBLIC USER ▾   Case Search

HOME    SEARCH ▾

# Case View CV-2019-001753

## Details

| | |
|---|---|
| Case Number | CV-2019-001753 |
| Title | Cavalry SPV I LLC v. Snodgrass |
| Classification | Civil - Contract - Debt Collection: Credit Card |
| Filed Date | 03/04/2019 1:09 PM |

PARTIES    **DOCKET ENTRIES**    JUDGMENTS    ASSESSMENTS    RECEIPTS

| Docket Entry Filed Date and Time ↑ | Docket Entry Subtype | Docket Entry Description | Filer | |
|---|---|---|---|---|
| 03/04/2019 1:09 PM | Receipt | Receipt #302661 for $297.25 paid for by Demetrios H Tsarouhis | | 📄 |
| 03/04/2019 1:09 PM | Complaint | Complaint efiled | TSAROUHIS ESQ, DEMETRIOS H | 📄 |
| 03/04/2019 3:43 PM | Arbitration Case Initiated | Arbitration Case Initiated | | |
| 03/04/2019 3:44 PM | Arbitration Date | Arbitration Hearing Scheduled for 12-16-2019 | | 📄 |
| 03/22/2019 2:47 PM | Sheriff's Service Process Receipt and Affidavit of Return | Sheriff's Service Process Receipt and Affidavit of Return - Defendant served on 03/14/19 $44.10 | | 📄 |
| 11/18/2019 2:35 PM | Receipt | Receipt #341660 for $17.50 paid for by Demetrios H Tsarouhis | | 📄 |
| 11/19/2019 9:16 AM | Default Judgment | Judgment Entered for [[Judgment Amount]] on 236 Notice of Judgment Sent 11-19-2019 | | 📄 |



## <u>VERIFICATION</u>

I, JOSHUA P. WARD, ESQ., have read the foregoing COMPLAINT and verify that the statements therein are correct to the best of my personal knowledge, information, and/or belief. I have gained this information from discussions with Plaintiff. This verification is made on behalf of Plaintiff. Plaintiff will produce their verification if/when there is an objection by Defendant or upon directive from the court.

I understand that this verification is made subject to the penalties of 18 Pa. C.S.A. 4904 relating to unsworn falsification to authorities, which provides that if I knowingly make false averments, I may be subject to criminal penalties.

Respectfully submitted,

THE LAW FIRM OF FENTERS WARD

Date: July 28, 2020                    By: _____
                                            Joshua P. Ward (Pa. I.D. No. 320347)
                                            Kyle H. Steenland (Pa. I.D. No. 327786)

                                            The Rubicon Building
                                            201 South Highland Avenue
                                            Suite 201
                                            Pittsburgh, PA 15206

                                            Counsel for Plaintiff