IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM SNODGRASS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 20-1275 |
| | ) | |
| TSAROUHIS LAW GROUP, LLC | ) | |
| and CAVALRY SPV I, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This case arises from a collection action that was filed in the Court of Common Pleas of Delaware County by Defendant Tsarouhis Law Group, LLC ("Tsarouhis") on behalf of its client, Defendant Cavalry SPV I, LLC ("Cavalry"), against Plaintiff William Snodgrass ("Plaintiff"). Here, Plaintiff alleges that, in the course of that lawsuit, Tsarouhis violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and both Tsarouhis and Cavalry violated the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 *et seq.* ("PFCEUA"), and the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1 *et seq.* ("UTPCPL"). Presently before the Court is Defendant Tsarouhis's Motion to Dismiss Plaintiff's Amended Complaint and supporting brief (Docket Nos. 15, 16), the opposition materials filed by Plaintiff (Docket Nos. 21, 21-1, 21-2), and the reply filed by Tsarouhis (Docket No. 23). For the reasons set forth herein, Tsarouhis's motion is granted.

### I.   Background

As alleged in the First Amended Complaint ("Amended Complaint"), on March 4, 2019, Cavalry, through Tsarouhis, filed a collection action against Plaintiff in the Court of Common

Pleas of Delaware County.[1]  (Docket No. 13, ¶ 6).  As further alleged, "during the course of its lawsuit, a customer negotiations representative from [Tsarouhis], Elizabeth Doll, contacted [Plaintiff's] daughter, Jean Brown, by phone in an attempt to settle the debt."  (*Id.* ¶ 7).  According to Plaintiff, Ms. Doll "stated that [Tsarouhis] would settle the alleged obligation at issue in [the collection action] for approximately 21 monthly payments of $50.00 and subsequently emailed Jean Brown a settlement agreement containing" such terms.  (*Id.* ¶ 8).  Plaintiff avers that, following his "execution of the settlement agreement and payment for $100 pursuant to the terms of said agreement, [Tsarhouis] reneged and refused to be bound by the settlement agreement."  (*Id.* ¶ 9).  The docket sheet in the collection action indicates that a default judgment was entered against Plaintiff in that case on November 19, 2019.  (Docket No. 13-1 at 2).

On July 30, 2020, Plaintiff filed his Complaint in this matter in the Court of Common Pleas of Allegheny County.  (Docket No. 1-1).  On August 31, 2020, Tsarouhis filed a Notice of Removal, and the action was subsequently removed to this Court based on federal question jurisdiction pursuant to 28 U.S.C. § 1331.  (Docket No. 1).  Tsarouhis filed a motion to dismiss, and on October 21, 2020, Plaintiff filed his Amended Complaint which added Cavalry as a defendant.  (Docket No. 13).  In his Amended Complaint, Plaintiff includes two Counts:  (I) a claim alleging that Tsarouhis violated the FDCPA; and (II) state law claims alleging that Tsarouhis and Cavalry violated the PFCEUA and the UTPCPL.  (*Id.*).  In sum, Plaintiff contends that by falsely representing to settle the collection action, emailing the settlement agreement, receiving the signed agreement and payment from Plaintiff, and then refusing to honor such agreement, Defendants violated these federal and state statutes.  (*Id.* ¶¶ 30, 49, 53).  Plaintiff seeks actual,

---

[1]    A copy of the docket in the collection action (Docket No. CV-2019-001753) is attached to, and made part of, the Amended Complaint as Exhibit A.  (Docket No. 13-1).

consequential, statutory, and/or punitive damages, attorney fees, costs, interest, and such other relief as the Court deems just and proper.

Tsarouhis has filed its motion to dismiss Plaintiff's Amended Complaint pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state claims upon which relief can be granted.  (Docket Nos. 15, 16).  The motion has been fully briefed by the parties and is now ripe for decision.

II.   **Standards of Review**

A.  **Federal Rule of Civil Procedure 12(b)(1)**

A motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the "court's 'very power to hear the case.'"  *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006) (quoting *Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).  There is a crucial difference between a Rule 12(b)(1) motion that attacks a complaint on its face, and a Rule 12(b)(1) motion that attacks the existence of subject matter jurisdiction in fact – apart from any pleadings.  *See Mortensen*, 594 F.2d at 891.  With a facial attack, a court must consider the allegations of a complaint as true, as with a motion filed pursuant to Federal Rule of Civil Procedure 12(b)(6), discussed *infra*.  *See id.*  With a factual attack, however, the Court ordinarily is not required to limit its inquiry to the facts as they are pled in the complaint because a presumption of truth is not attached to the plaintiff's allegations, and the plaintiff bears the burden of proving that jurisdiction over the subject matter at issue exists. *See id.; see also Brown v. Tucci*, 960 F. Supp. 2d 544, 561 (W.D. Pa. 2013) (citing *Dev. Fin. Corp. v. Alpha Hous. & Health Care, Inc.*, 54 F.3d 156, 158 (3d Cir. 1995)).

B.  **Federal Rule of Civil Procedure 12(b)(6)**

In considering a Rule 12(b)(6) motion to dismiss, the factual allegations contained in the complaint must be accepted as true and must be construed in the light most favorable to the plaintiff, and the court must "'determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'"  *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (2007).  While Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," the complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Phillips*, 515 F.3d at 231 (quoting *Twombly*, 550 U.S. at 555 (internal citation omitted)).  Moreover, while "this standard does not require 'detailed factual allegations,'" Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.* (quoting *Twombly*, 550 U.S. at 555); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

It should be further noted, therefore, that in order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  The Supreme Court has noted that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  The standard "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element."  *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 556).  Moreover, the requirement that a court accept as true all

factual allegations does not extend to legal conclusions; thus, a court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555 (internal citation omitted)).

### III. Legal Analysis

#### A. Jurisdiction and the *Rooker-Feldman* Doctrine

In the Amended Complaint, Plaintiff alleges that Defendants violated the FDCPA (Count I), as well as the PFCEUA and the UTPCPL (Count II).  Although his allegations regarding Defendants' violative actions are not entirely clear, in Count I Plaintiff claims that Tsarouhis employed false, deceptive, and misleading representations or means by falsely representing that it was settling the lawsuit, receiving Plaintiff's payment, and then refusing to honor the agreement, in violation of the FDCPA.  (Docket No. 13, ¶ 30).  In Count II, Plaintiff alleges that these same actions by Tsarouhis, acting on behalf of Cavalry, also constitute violations of the PFCEUA and the UTPCPL.  (*Id.* ¶ 53).

Tsarouhis argues, among other things, that the Amended Complaint should be dismissed in its entirety pursuant to Rule 12(b)(1) because the Court's jurisdiction over Plaintiff's claims is barred by the *Rooker-Feldman* doctrine.  *See D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).  As both the Third Circuit and the Supreme Court have explained, however, the *Rooker-Feldman* doctrine has narrow applicability.  *See Allen v. DeBello*, 861 F.3d 433, 438 (3d Cir. 2017).  Four requirements must be met for *Rooker-Feldman* to prevent a federal district court from exercising jurisdiction over matters that would otherwise be amenable to its jurisdiction: "'(1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and

reject the state judgments.'" *Id.* (quoting *Great West. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (internal quotation marks and citation omitted)).  Here, while Plaintiff apparently lost in the state court collection action and a default judgment was entered in that case before he filed the present suit, the other two *Rooker-Feldman* factors require further analysis.

In fact, "the two key requirements—that the injury must be caused by the state-court judgment and that the plaintiff must invite review and rejection of that judgment—are closely related," and both concern "whether the plaintiff's claims will require appellate review of state-court decisions by the district court." *Great West. Mining*, 615 F.3d at 168-69.  "Prohibited appellate review 'consists of a review of the proceedings already conducted by the "lower" tribunal to determine whether it reached its result in accordance with law.'" *Id.* at 169 (quoting *Bolden v. City of Topeka,* 441 F.3d 1129, 1143 (10th Cir. 2006)).  As the Third Circuit has further explained:

> It is important to distinguish such appellate review from those cases in which "a party attempts to litigate in federal court a matter previously litigated in state court," *Exxon Mobil [Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005)]*, or in which "the federal plaintiff and the adverse party are simultaneously litigating the same or a similar dispute in state court," *Noel v. Hall,* 341 F.3d 1148, 1163 (9th Cir. 2003) (cited with approval in *Exxon Mobil*). If the matter was previously litigated, there is jurisdiction as long as the "federal plaintiff present[s] some independent claim," even if that claim denies a legal conclusion reached by the state court. *Exxon Mobil,* 544 U.S. at 293 . . . (internal quotation marks & citation omitted; alteration in original).  When "the second court tries a matter anew and reaches a conclusion contrary to a judgment by the first court, without concerning itself with the bona fides of the prior judgment," the second, or federal, court "is not conducting appellate review, regardless of whether compliance with the second judgment would make it impossible to comply with the first judgment." *Bolden,* 441 F.3d at 1143.  In the case of simultaneous litigation, both suits may proceed under the well-established rule allowing parallel state and federal litigation.  *Noel,* 341 F.3d at 1163.  In neither of these situations, unlike in a suit seeking review of a state-court judgment, "does *Rooker–Feldman* bar subject matter jurisdiction in federal district court, for in neither situation is the federal plaintiff complaining of legal injury caused by a state court judgment because of a legal error

committed by the state court." *Id.* at 1164.   Instead, "in both situations, the plaintiff is complaining of legal injury caused by the adverse party." *Id.*

*Great West. Mining*, 615 F.3d at 169.

In accordance with this reasoning, Plaintiff argues that *Rooker-Feldman* does not deprive this Court of jurisdiction in this matter because he is asserting independent claims challenging Defendants' actions in allegedly falsely representing that they were settling the collection action. Plaintiff argues that he is not challenging the outcome of the collection case itself, which is the state court's default judgment against him.   Thus, Plaintiff contends, the state court judgment did not allegedly cause the complained-of injury (the payment of money toward the settlement agreement, along with the accompanying annoyance, anxiety, embarrassment, and emotional distress); rather, Defendants' allegedly false representations caused his injuries.   Additionally, Plaintiff notes that, while he is seeking damages caused by allegedly false representations regarding the settlement agreement in the collection case, he is not asking this Court to reverse the state court's decision in that case.   Thus, Plaintiff asserts that his claims are independent from the collection case and his damages are, appropriately, based on those claims.

Upon review of the allegations contained in the Amended Complaint as well as the relevant case law, the Court finds that Plaintiff's claims are not barred by the *Rooker-Feldman* doctrine. As noted, <u>supra</u>, the Amended Complaint alleges, albeit somewhat vaguely, that Defendants violated various statutes by making false representations in connection with a settlement agreement in the underlying collection case.   Finding that, in making such false representations, Defendants engaged in illegal collection practices does not require this Court to find that the Common Pleas Court's default judgment was wrongly made.   In his Amended Complaint, Plaintiff is not seeking to reverse the Common Pleas Court's decision or vacate the default judgment, as he

has raised claims against Defendants that are independent of that Court's judgment.  Therefore, the Court finds that the claims alleged by Plaintiff in his Amended Complaint are not barred by the *Rooker-Feldman* doctrine.

### B.  <u>Count I:  Alleged Violations of the FDCPA (Plaintiff v. Tsarouhis)</u>

In Count I of his Amended Complaint, Plaintiff alleges that Tsarouhis's actions constitute violations of the FDCPA, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*  (Docket No. 13, ¶¶ 16-38).  The FDCPA was enacted by Congress "'to eliminate abusive debt collection practices' which 'contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.'"  *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000) (quoting *Miller v. Payco-General American Credits, Inc.*, 943 F.2d 482, 483-84 (4th Cir. 1991) (internal citations omitted)).  To state an FDCPA claim here, Plaintiff must adequately allege that:  (1) he is a "consumer," (2) Tsarouhis is a "debt collector," (3) Tsarouhis's challenged actions involved an attempt to collect a "debt" as defined by the FDCPA, and (4) Tsarouhis's challenged actions violated a provision of the FDCPA in attempting to collect the debt. *See Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014) (citing *Piper v. Portnoff Law Assocs., Ltd.*, 396 F.3d 227, 232 (3d Cir. 2005)).  While Tsarouhis contends that Plaintiff has not adequately pled several of these elements, the parties mainly disagree about the final element: whether Plaintiff has adequately alleged that Tsarouhis's conduct violated a particular provision of the FDCPA.

Section 1692e of the FDCPA prohibits a debt collector from using "any false, deceptive, or misleading misrepresentation or means in connection with the collection of any debt" and provides a list of types of prohibited conduct.  15 U.S.C. § 1692e.  Specifically, Plaintiff alleges that Tsarouhis's actions constitute the type of conduct listed in Section 1692e(10), which prohibits

"[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. § 1692e(10).  Plaintiff also claims that Tsarouhis's alleged conduct is prohibited by Section 1692e(5), which prohibits "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken," and Section 1692d, which prohibits "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt," such as violence, criminal acts, obscene language, publication of unpaid debts, or repeated telephone calls.  15 U.S.C. §§ 1692d, 1692e(5).

Tsarouhis argues that the minimal, vague allegations that Plaintiff sets forth in his Amended Complaint fail to allege conduct violative of any particular provision of the FDCPA, and that Count I should therefore be dismissed pursuant to Rule 12(b)(6) for failure to state a claim. Upon review of the actions of Tsarouhis as alleged in the Amended Complaint, the Court agrees. Specifically, Plaintiff alleges that, "during the course of its lawsuit," Tsarouhis's employee contacted Plaintiff's daughter "in an attempt to settle the alleged debt."  (Docket No. 13, ¶¶ 7, 26). Allegedly, Tsarouhis's employee stated that Tsarouhis would "settle the alleged obligation at issue" in the collection case "for approximately 21 monthly payments of $50.00."  (*Id.* ¶ 8).  The Tsarouhis employee, "through the negotiation process," then allegedly emailed Plaintiff's daughter a settlement agreement.  (*Id.* ¶ 27).  Lastly, as alleged, after Tsarouhis received the signed agreement and the initial payment of $100.00 from Plaintiff, Tsarouhis "refused to honor the settlement agreement and abdicated any and all obligations under said agreement."  (*Id.* ¶ 29). Plaintiff then asserts, based upon these bare allegations, that Tsarouhis employed false, deceptive and misleading representations or means by taking these actions, *i.e.,* "falsely representing to settle the lawsuit, emailing a settlement agreement, receiving the signed agreement and initial payment, and then refusing to honor the agreement," in violation of Section 1692e(10).  (*Id.* ¶¶ 30, 31).

However, upon consideration of these allegations, the Court finds that Plaintiff simply does not allege any specific false representation or deceptive means by Tsarouhis as is required under Section 1692e(10).  *See* 15 U.S.C. § 1692e(10).  In essence, Plaintiff alleges only that Tsarouhis contacted him with a settlement offer (to which he agreed and pursuant to which he made a payment), and that Tsarouhis then allegedly did not honor that agreement and abdicated its obligations under that agreement.  However, Plaintiff does not allege that a particular statement made by Tsarouhis's employee was false or misleading such that it did not actually communicate an offer to settle the lawsuit, nor does he allege any specific action that Tsarouhis took in "refusing to honor the settlement agreement," nor does he allege what action Tsarouhis should have taken under the terms of that agreement to demonstrate that it was "honoring" it.  Similarly, Plaintiff also does not allege any specific action that Tsarouhis took in "abdicating its obligations" under the agreement, nor does he allege what action Tsarouhis was obligated to take (but did not take) under the terms of the parties' agreement.  In fact, Plaintiff makes no specific allegations of Tsarouhis using false representations or deceptive means at all.

Plaintiff attempts to turn the tables by arguing in his brief that his claim should not be dismissed because Tsarouhis "fails to provide any argument as to why its conduct *did not constitute* the use of false or deceptive means to collect or attempt to collect any debt."  (Docket No. 21-2 at 11 (emphasis added)).  The Court finds, however, that Plaintiff has failed to allege that Tsarouhis's conduct *did constitute* the use of false or deceptive means.  Not abiding by the terms of a settlement agreement is not, in and of itself – and without additional allegations as to specific violative actions taken or false statements made – use of a false representation or deceptive means.  Nevertheless, Plaintiff contends that "[b]y coming to an agreement with Plaintiff, inducing Plaintiff to make a payment of $100, and thereafter refusing to be bound to the terms of the agreement, Defendant

utilized *inherently* false and misleading means in an attempt to collect any debt." (*Id.* at 12 (emphasis added)).  While Plaintiff is correct in stating that the prohibitions in Section 1692e "sweep broadly and cover a wide range of conduct," he must still specifically allege *some* false representation or deceptive means by Tsarouhis in order to state a claim that Tsarouhis used a false representation or deceptive means to collect or attempt to collect a debt.  *See Howard v. LVNV Funding, LLC*, No. 19-93, 2020 WL 978653, at *5 (W.D. Pa. Feb. 28, 2020).  Implying that, somewhere in the course of reaching a settlement agreement, false or deceptive representations must have been made because Tsarouhis eventually refused to honor its obligations under that agreement – without alleging specific actions taken by Tsarouhis in making false representations or refusing to honor such unstated obligations – is simply insufficient.  Therefore, because Plaintiff has failed to adequately allege false or deceptive actions by Tsarouhis, he has failed to state a claim under Section 1692e(10).

Similarly, although Plaintiff alleges that Tsarouhis's conduct also constituted prohibited acts under Section 1692e(5), he fails to allege any "threat" of action by Tsarouhis, which is required to allege "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5).  Furthermore, based on Plaintiff's limited allegations as to the nature of Tsarouhis's actions, as discussed, *supra*, the Court also cannot find that Plaintiff has alleged "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt," such as violence, criminal acts, obscene language, publication of unpaid debts, or repeated telephone calls.  15 U.S.C. § 1692d.

Therefore, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted against Tsarouhis for violations of the FDCPA.  Accordingly, Count I of the Amended Complaint is dismissed without prejudice to amendment with sufficient facts to state a claim upon

which relief can be granted.  In granting leave for Plaintiff to amend, however, the Court notes that while Courts routinely use a "least sophisticated debtor"[2] standard when deciding whether a communication giving rise to a claim violates the FDCPA, the Third Circuit has also "confirmed that the 'least sophisticated debtor' analysis incorporates a requirement that a false statement be *material* in order to be actionable under the FDCPA."  *Simon v. FIA Card Servs. NA*, 639 F. App'x 885, 888 (3d Cir. 2016) (emphasis added).  Thus, "'[a] debtor simply cannot be confused, deceived, or misled by an incorrect statement unless it is material.'"  *Id.* (quoting *Jensen v. Pressler & Pressler*, 791 F.3d 413, 421 (3d Cir. 2015)).  As stated by the Third Circuit, "[a] statement is material 'if it is capable of influencing the decision of the least sophisticated debtor.'"  *Id.* (quoting *Jensen*, 791 F.3d at 421).  Plaintiff should bear this materiality requirement in mind when considering whether amendment of his Amended Complaint is appropriate here.

## C.  Count II:  State Law Claims (Plaintiff v. Tsarouhis and Cavalry)

In Count II of his Amended Complaint, Plaintiff seeks to recover damages from both Tsarouhis and Cavalry for alleged violations of state law, specifically, the PFCEUA, the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 *et seq.*, and the UTPCPL, the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1 *et seq.*  (Docket No. 13, ¶¶ 39-58).  However, the only basis for the Court to consider Plaintiff's state law claims is under supplemental jurisdiction pursuant to 28 U.S.C. § 1367, which states, in pertinent part, that "[t]he district court[ ] may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district

---

[2]        The "least sophisticated debtor" standard "is lower than that of a 'reasonable debtor,' and it 'prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care.'"  *Simon v. FIA Card Servs. NA*, 639 F. App'x 885, 888 (3d Cir. 2016) (quoting *Lesher v. Law Offices of Mitchell N. Kay, PC*, 650 F.3d 993, 997 (3d Cir. 2011) (additional citation omitted)).  This judge-made standard is objective, and such "approach is intended to protect 'the gullible as well as the shrewd,' and 'the trusting as well as the suspicious.'"  *Id.* (quoting *Lesher*, 650 F.3d at 997 (citation omitted)).

court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Moreover, "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995). In this instance, if Plaintiff does not elect to amend his federal claim, the Court will decline to exercise supplemental jurisdiction over Plaintiff's state law claims in Count II and will dismiss those claims without prejudice to his ability to bring those claims in state court.

## IV.    <u>Conclusion</u>

For the reasons set forth herein, Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Docket No. 15) is granted, and Plaintiff's claim in Count I against Tsarouhis is dismissed without prejudice to amendment with sufficient facts to state a claim under the FDCPA, pursuant to Federal Rule of Civil Procedure 12(b)(6). Should Plaintiff decline to amend his federal claim, that claim will be dismissed with prejudice, and Plaintiff's state law claims under the PFCEUA and the UTPCPL against Tsarouhis and Cavalry will be dismissed without prejudice to his ability to bring those claims in state court.

An appropriate Order follows.

<u>s/ W. Scott Hardy</u>
W. Scott Hardy
United States District Judge

Dated:  December 1, 2021

cc/ecf:  All counsel of record